United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-51429
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS HERNANDEZ-RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District o Texas
USDC No. 2:05-CR-124-ALL
_____

Before JOLLY, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:

Jesus Hernandez-Rodriguez appeals from the sentence imposed upon his conviction for illegal reentry in violation of 8 U.S.C. § 1326(a). He contends that the district court erred in finding that his conviction under Texas Penal Code § 22.05(b)(1) triggered the 16-level crime-of-violence adjustment under the sentencing guideline § 2L1.2(b)(1)(A)(ii). Hernandez-Rodriguez also argues that, in the light of Apprendi v. New Jersey, 530 U.S. 466 (2000), his § 1326 sentence was limited to a maximum two years of imprisonment. For the forthcoming reasons, we AFFIRM the judgment of the district court.

Jesus Hernandez-Rodriguez pled guilty before a magistrate judge to illegal reentry. The district court adopted the magistrate judge's recommendation and accepted the guilty plea. The probation officer who prepared the presentence report ("PSR") assigned Hernandez-Rodriguez a base offense level of eight pursuant to the United States Sentencing Guidelines § 2L1.2. His offense level was increased by 16 levels, under § 2L1.2(b)(1)(A)(ii) because of his prior conviction for a crime of violence. According to the PSR, Hernandez-Rodriguez pled guilty in 1996 to the crime of "deadly conduct" in Houston, Texas.

The PSR awarded a three-level decrease for acceptance of responsibility, resulting in a total offense level of 21. It determined Hernandez-Rodriguez's criminal history category to be IV, subjecting him to an advisory guidelines range of 57 to 71 months of imprisonment.

At sentencing, Hernandez-Rodriguez objected to the 16-level increase on the grounds that his conviction for deadly-conduct did not qualify as a "crime of violence" under § 2L1.2(b)(1)(A)(ii). The district court overruled this objection but, on motion from Hernandez-Rodriguez, it departed downward to an offense level of 19 based on a finding of cultural assimilation. See U.S. v. Rodriguez-Montelongo, 263 F.3d 429, 433-444 (5th Cir. 2001) (holding that the district court had discretion to consider a downward departure on the basis of defendant's demonstrated

cultural assimilation). This departure resulted in a guidelines sentencing range of 46 to 57 months. The district court sentenced Hernandez-Rodriguez to 48 months of imprisonment, followed by three years of supervised release. He timely appealed.

## II

This case presents the question whether the district court properly construed Hernandez-Rodriguez's Texas deadly-conduct conviction as a crime of violence for purposes of § 2L1.2(B)(1)(A)(ii) 16-level sentence enhancement. This court applies de novo review when considering this legal issue. See United States v. Izaguirre-Flores, 405 F.3d 270, 272 (5th Cir.), cert. denied, 126 S. Ct. 253 (2005).

Section 2L1.2 of the Guidelines provides that the offense level for unlawfully entering or remaining in the United States shall be increased by 16 levels if the defendant has a prior conviction for a "crime of violence." See § 2L1.2(b)(1)(A)(ii). The commentary to § 2L1.2 defines "crime of violence" as: (1) any specified enumerated offense or (2) "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2, comment. (n.(1)(B)(iii)). Neither party contends that the deadly-conduct offense could be characterized as one of the enumerated offenses; thus, the 16-level increase is warranted only if Hernandez-Rodriguez's Texas deadly-conduct offense qualifies as a crime of violence because it has as an element "the use,

3

attempted use, or threatened use of physical force against the person of another." See United States v. Rodriquez-Rodriquez, 388 F.3d 466, 467 (5th Cir. 2004) (internal quotation marks and citation omitted).

"When determining whether a prior offense is a crime of violence because it has as an element the use, attempted use, or threatened use of force, district courts must employ the categorical approach established in Taylor v. United States, 495 U.S. 575, 602 (1990)." United States v. Bonilla-Mungia, 422 F.3d 316, 320 (5th Cir.), cert. denied, 126 S. Ct. 819 (2005); United States v. Calderon-Pena, 383 F.3d 254, 257 (5th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 932 (2005). "If a statute contains multiple, disjunctive subsections, courts may look beyond the statute to certain conclusive records made or used in adjudicating guilt in order to determine which particular statutory alternative applies to the defendant's conviction." United States v. Gonzalez-Chavez, 432 F.3d 334, 337 (5th Cir. 2005) (internal quotation marks and citation omitted). "These records are generally limited to the 'charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" Id. at 337-38 (citing Shepard v. United States, 544 U.S. 13, 16 (2005)).

Texas law defines the crime of deadly conduct in pertinent part as follows:

4

(a) A person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury.

(b) A person commits an offense if he knowingly discharges a firearm at or in the direction of:

(1) one or more individuals; or

(2) a habitation, building, or vehicle and is reckless as to whether the habitation, building, vehicle is occupied.

(c) Recklessness and danger are presumed if the actor knowingly pointed a firearm at or in the direction of another whether or not the actor believed the firearm to be loaded.

TEX. PENAL CODE ANN. § 22.05 (Vernon 2003). The indictment indicates, and the parties agree, that Hernandez-Rodriguez was convicted of violating § 22.05(b)(1).[1]

### III

Hernandez-Rodriguez argues that, because a conviction under § 22.05(b)(1) can be obtained by merely discharging a firearm in the general direction of a person rather than at the person, the use of

---

[1] Prior to 1994, § 22.05(b) created the presumption of recklessness currently found at § 22.05(c). See United States v. White, 258 F.3d 374, 382-83 (5th Cir. 2001). This court held that an offense under § 22.05(b), as it previously existed, was not a domestic crime of violence for purposes of 18 U.S.C. § 921(a)(33)(A)(ii) because it did not require the threatened use of a deadly weapon against another person. White, 258 F.3d at 383. White is distinguishable from the instant case, however, because § 22.05(b) as it existed at the time of White required only that the defendant have "knowingly pointed a firearm at or in the direction of another ...." Id. at 381 (emphasis added). The revised version of § 22.05(b) requires that the defendant have actually discharged the firearm. TEX. PENAL CODE ANN. § 22.05 (Vernon 2003).

force is not a requisite element of the offense.  He analogizes to this court's decision in United States v. Alfaro, 408 F.3d 204 (5th Cir.), cert. denied, 126 S. Ct. 271 (2005).  In Alfaro, this court considered whether a conviction under VA. CODE ANN. § 18.2-279, for shooting into an occupied dwelling, qualified as a crime of violence for purposes of § 2L1.2.  Alfaro, 408 F.3d at 208-09. This court found that the offense was not a crime of violence because "a defendant could violate th[e] statute merely by shooting a gun at a building that happens to be occupied without actually shooting, attempting to shoot, or threatening to shoot another person."  Id. at 209.

Alfaro is distinguishable from this case.  The Virginia statute outlawed discharging a firearm inside or at an occupied building in such a manner as to endanger the life of another person.  See § 18.2-279; Alfaro, 408 F.3d at 208-09.  Following the categorical approach, the court in Alfaro focused on the fact that the Virginia statute "did not require the use, the threatened use, or attempted use of force against the person of another."  Id. at 209 (emphasis in original).

The Virginia statute in Alfaro is more analogous to TEX. PENAL CODE ANN. § 22.05(b)(2), which outlaws discharging a firearm at or in the direction of a habitation, building, or vehicle with reckless disregard for whether the structure is occupied. Hernandez-Rodriguez, however, was convicted under § 22.05(b)(1), which requires that a defendant discharge a firearm at or in the

6

direction of one or more individuals. Thus, the Texas statute, unlike that in <u>Alfaro</u>, requires that a firearm be discharged at or in the direction of another person. <u>Alfaro</u> is not controlling here.

Hernandez-Rodriguez maintains that an offense under § 22.05(b)(1) is not a crime of violence because "if the defendant <u>knowingly</u> chooses to shoot not at an individual, but merely in the individual's direction, he is decidedly not using force against the person of another." This argument is unavailing. An offense qualifies as a crime of violence if it includes as an element "the use, attempted use, or <u>threatened</u> use of physical force against the person of another." § 2L1.2, comment. (n.(1)(B)(iii)) (emphasis added). Whereas the knowing pointing of a firearm at another "when done in obvious jest would not necessarily constitute threatened use of a deadly weapon," <u>White</u>, 258 F.3d at 384, it is unreasonable to conclude that the purposeful discharge of that weapon in the direction of a person would not "import[] '[a] communicated intent to inflict physical or other harm.'" <u>Id</u>. at 383 (quoting BLACK'S LAW DICTIONARY 1480 (6th ed. 1990)). This element of a conscious choice to discharge a firearm in the direction of an individual would constitute a real threat of force against his person.[2] The offense of deadly conduct, as defined in TEX. PENAL CODE

---

[2] Because the statute requires proof of "knowing" conduct as an element of the offense, there is no possibility of conviction on the basis of reckless or negligent behavior. <u>See</u> Brief for the United States at 8.

7

ANN. § 22.05(b)(1), therefore constitutes a crime of violence for purposes of sentence enhancement under § 2L1.2(b).

## IV

Hernandez-Rodriguez also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in the light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  "This court has repeatedly rejected arguments like the one made by [Hernandez-Rodriguez] and has held that Almendarez-Torres remains binding despite Apprendi."  United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

## V

For the foregoing reasons, the judgment of the district court is

AFFIRMED.