IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 24, 2008

Charles R. Fulbruge III
Clerk

No. 08-60017
Summary Calendar

AMADOR TORRES AVILA, also known as Amador Avila Torres

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A37 721 097

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Amador Torres Avila petitions this court for review of an order of the
Board of Immigration Appeals (BIA). The BIA dismissed his appeal of the
Immigration Judge's decision, which found that Avila's prior Texas offense of
deadly conduct was a crime of violence and an aggravated felony, thus rendering
him removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). In his petition, Avila
argues that deadly conduct under TEX. PENAL CODE § 22.05 is not a crime of
violence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

This court lacks jurisdiction to consider petitions for review filed by aliens who are ordered removed based on the commission of an aggravated felony. See U.S.C. § 1252(a)(2)(C). Nevertheless, we retain jurisdiction to review the issue whether Avila's prior offense constitutes an aggravated felony for immigration purposes. See Andrade v. Gonzales, 459 F.3d 538, 542, 544 (5th Cir. 2006), cert. denied, 127 S. Ct. 973 (2007).

Avila has not shown that the BIA erred in its classification of his prior offense as a crime of violence and thus an aggravated felony. See United States v. Hernandez-Rodriguez, 467 F.3d 492, 495 (5th Cir. 2006); 18 U.S.C. § 16(a); 8 U.S.C. § 1101(a)(43)(F). Consequently, we lack jurisdiction to review his order of removal. See 8 U.S.C. § 1252(a)(2)(C).

Avila's petition for review is DISMISSED.