FILED
United States Court of Appeals
Tenth Circuit

December 22, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESSY MICHAEL DENNIS,

Defendant - Appellant.

No. 08-8000

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D.C. No. 07-CR-00073-WFD-001)**

Gregory A. Phillips, Assistant United States Attorney (Kelly H. Rankin, United States Attorney, on the brief), Cheyenne, Wyoming, for Plaintiff - Appellee.

Thomas B. Jubin of Jubin & Zerga, L.L.C., Cheyenne, Wyoming, for Defendant - Appellant.

Before **KELLY**, **TYMKOVICH**, Circuit Judges and **DeGIUSTI**[*], District Judge.

**KELLY**, Circuit Judge.

Defendant-Appellant Jessy Michael Dennis pleaded guilty to a single count

---

[*]The Honorable Timothy D. DeGiusti, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

of felon in possession of a firearm pursuant to 18 U.S.C. §§ 922(g)(1), 924(a)(2). At sentencing, the district court imposed a sentence of 46 months' imprisonment, followed by three years' supervised release. The sole issue on appeal is whether Mr. Dennis's prior state conviction for knowingly taking immodest, immoral or indecent liberties with a minor, Wyo. Stat. § 14-3-105 (1997) (repealed 2007), constitutes a prior "crime of violence" as defined in U.S.S.G. § 4B1.2. The district court concluded that it did, thereby resulting in an enhanced base offense level of 20 (rather than 14) under U.S.S.G. § 2K2.1(a)(4)(A). Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we remand for resentencing.

## Background

In relevant part, the state statute under which Mr. Dennis was charged provides:

**Immoral or indecent acts; penalty**
(a) Any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony, and upon conviction shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not more than ten (10) years, or both.

(b) As used in this section, "child" means a person under the age of eighteen (18) years.

Wyo. Stat. § 14-3-105 (1977).

Mr. Dennis was charged with two counts by information (each count related to different time periods). A jury returned a verdict of guilty only upon the second count, which stated: that the "Defendant, did unlawfully:"

> On or about November 12, 1995, and December 9, 1995, in Campbell County Wyoming take immodest, immoral or indecent liberties with a child, to wit: did cause [RS] (DOB: August 14, 1979) to engage in sexual intercourse with him, in violation of Wyoming Statute § 14-3-105, a felony, punishable by imprisonment by not more than ten (10) years, a fine of not less than $100.00 nor more than $1,000, or both;

3 R. Gov't Ex. 1.

The district court initially rejected the "crime of violence" enhancement, but then reversed course. At sentencing, it noted confusion in Tenth Circuit caselaw, but ultimately held that the conviction was a "crime of violence" based on the risk of physical injury, specifically the risk of pregnancy and sexually transmitted infections associated with sexual intercourse. 6 R. at 13, 16.

## Discussion

Whether an offense constitutes a "crime of violence" under U.S.S.G. § 4B1.2 is a question of statutory construction, which we review de novo. United States v. Vigil, 334 F.3d 1215, 1218 (10th Cir. 2003) (citing United States v. Riggans, 254 F.3d 1200, 1203 (10th Cir. 2001); United States v. Spring, 80 F.3d 1450, 1463 (10th Cir. 1996)). The guidelines define "crime of violence" to mean

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

(1)     has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2)     is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).  The commentary following this definition further instructs that a "crime of violence" may include murder, manslaughter, kidnapping, aggravated assault, and forcible sex offenses.  Id., cmt. n.1.  The commentary further provides that

[o]ther offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e. expressly charged) in the count of which the defendant was convicted . . . by its nature, presented a serious risk of physical injury to another.

 Id.

We have noted that the definition of a "crime of violence" under § 4B1.2(a) "is virtually identical to that contained in the [Armed Career Criminal Act]. " United States v. Tiger, 538 F.3d 1297, 1298 (10th Cir. 2008).  In determining whether an offense is a "violent felony" under the Armed Career Criminal Act (ACCA), the Supreme Court has directed courts to apply "a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Taylor v. United States, 495 U.S. 575, 600 (1990).  This pure categorical approach does not allow a court to

- 4 -

evaluate the underlying facts of the defendant's conduct. See Taylor, 495 U.S. at 600; United States v. Perez-Vargas, 414 F.3d 1282, 1284 (10th Cir. 2005). However, when the underlying statute of conviction "is ambiguous, or broad enough to encompass both violent and nonviolent crimes, a court can look beyond the statute to certain records of the prior proceeding, such as the charging documents, the judgment, any plea thereto, and findings by the [sentencing] court." Perez-Vargas, 414 F.3d at 1284 (quoting United States v. Dwyer, 245 F.3d 1168, 1171 (10th Cir. 2001) (alteration in original) (internal quotation marks omitted). This is known as the modified categorical approach, and it allows a court to determine under which part of an ambiguous or varied statute a defendant was charged so as to perform the statutory analysis. United States v. Torres-Romero, 537 F.3d 1155, 1158 (10th Cir. 2008). The modified categorical approach does not allow a subjective inquiry into the underlying facts of the conviction to determine whether the enhancement provision is satisfied. United States v. Zuniga-Soto, 527 F.3d 1110, 1121 (10th Cir. 2008).

The government summarizes the parties' positions:

The parties agree that a "modified categorical approach" is unavailable in this case. They agree that the indecent liberties statute is entirely a crime of violence or not at all. Accordingly, there is no reason to examine any records from the prior proceeding to determine which part of the indecent liberties statute the Defendant admitted or necessarily was found to have violated.

Aplee. Br. at 8; Aplt. Reply Br. at 1. That said, the government also argues that

under a "categorical-plus" approach the indecent liberties statute is a "crime of violence." Aplee. Br. at 12. The parties agree that the modified categorical approach does not apply to this case; thus, we consider the categorical approach. We cannot agree with the government that the Wyoming indecent liberties statute "is categorically a crime of violence." Aplee. Br. at 8.

First, turning to § 4B1.2(a)(1), the indecent liberties statute simply does not have "as an element the use, attempted use, or threatened use of physical force against the person of another," U.S.S.G. § 4B1.2(a)(1); rather, it proscribes "'taking immodest, immoral or indecent liberties' with a minor under the age of eighteen." Pierson v. State, 956 P.2d 1119, 1125 (Wyo. 1998). The parties agree that no specific element of the offense includes the use or threatened use of physical force. Aplt. Br. at 6; Aplee. Br. at 25-26.

Next, turning to § 4B1.2(a)(2), we hold that the Wyoming indecent liberties statute does not constitute "burglary of a dwelling, arson, or extortion," nor does it "involve[] use of explosives, or otherwise involve[] conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). The government relies upon the residual clause, arguing that the statute "otherwise involves conduct that presents a serious potential risk of physical injury to another." Aplee. Br. at 29-33. However, to fall within the residual clause, the offense in question must be "roughly similar, in kind as well as in degree of risk posed, to the examples themselves." Begay v. United States, 128 S. Ct. 1581,

1585 (2008). Regardless of whether the Wyoming statue is similar in kind to an enumerated offense, it surely is not similar in risk. Id. at 1586. In Begay, the Court rejected the contention that New Mexico's DUI offense, while presenting a serious risk of physical injury to another, fell within the scope of the residual clause because it was too dissimilar to the examples which preceded it, particularly in light of the behavior addressed by the ACCA. 128 S. Ct. at 1588. In addition, the Supreme Court has made it clear that it is the elements of the offense which must be considered: they must be "of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of this particular offender." James v. United States, 127 S. Ct. 1586, 1594 (2007).

The government argues that the indecent liberties statute is part of a statutory scheme that protects against sexual exploitation, protects children under age eighteen, and oftentimes results in convictions involving serious sexual misconduct against minors. Yet, Wyoming's sexual assault statutes and its indecent liberties statute are designed to operate as an integrated whole. Misenheimer v. State, 27 P.3d 273, 279 (Wyo. 2001). At the time, the third-degree sexual assault statute provided for an age of consent of sixteen, and that the defendant be at least four years older than the victim. Wyo. Stat. § 6-2-304 (1977). The Wyoming Supreme Court has explained:

The sexual assault statutes protect all persons. The indecent liberties

statute, on the other hand, only offers protection to those less than eighteen years of age. § 14-3-105(c). It is also limited in that it is applicable only in those circumstances not constituting first, second or third degree sexual assault. In other words, § 14-3-105 criminalizes activities that are otherwise permissible between consenting adults when one of the parties is under the age of eighteen years.

Misenheimer, 27 P.3d at 279. It is hard to argue that the indecent liberties statute, which requires a jury assessment based on the totality of the circumstances and common sense as to whether it has been violated, Giles v. State, 96 P.3d 1027, 1041 (Wyo. 2004), necessarily involves conduct that presents a serious potential risk of physical injury to another. Although we acknowledge that "the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious risk of injury to another," James,127 S. Ct. at 1597, still the focus must be on the elements. Regardless, the indecent liberties statute has been challenged repeatedly based upon its breadth, and has been applied to numerous situations not involving a serious risk of physical injury to another. See Stokes v. State, 144 P.3d 421, 424 (Wyo. 2006) (citing cases for the proposition that "consensual sex with a sixteen-year-old has previously been determined to violate the statute"); see also Wease v. State, 170 P.3d 94, 99 (Wyo. 2007) (including a jury instruction on the statute for providing pornographic magazines to a minor and promoting viewing); Rabuck v. State, 129 P.3d 861, 868 (Wyo. 2006) (holding that surreptitious videotaping of minors violated the statute). We reject the government's contention that under a pure

categorical approach, the Wyoming indecent liberties statute comes within

U.S.S.G. § 4B1.2(a)(2).[1]  Nor do we think that it can be labeled a "forcible sex

offense" pursuant to the Guidelines commentary.  The indecent liberties statute

simply lacks force or assault as an element, let alone lack of consent.[2]  Cf. United

States v. Austin, 426 F.3d 1266, 1267 (10th Cir. 2005) (sexual assault on a child);

United States v. Rowland, 357 F.3d 1193, 1197 (10th Cir. 2004) (sexual battery).

In the alternative, the government urges us to rely upon a "categorical-

plus" analysis pursuant to application note 1 in the commentary to § 4B1.2.[3]

Aplee. Br. at 12.  Application note 1 provides that conduct will be considered a

"crime of violence" if "the conduct set forth (i.e., expressly charged) in the count

---

[1]  In United States v. Pierce, 278 F.3d 282, 290 (4th Cir. 2002), a divided Fourth Circuit panel held that North Carolina's indecent liberties statute constitutes a "crime of violence" because that offense either "involves 'forcible sex' or 'by its nature, presents a serious potential risk of physical injury to another.'"  However, we think the North Carolina statute was far more limited than the Wyoming indecent liberties statute–the North Carolina statute contained an express age differential (defendant must be 16 years of age or more and at least five years older than the child) and only applied to children under sixteen. As noted, the Wyoming statute lacks any age differential and applies to minors under the age of eighteen, and has consistently been interpreted to apply to conduct where the minor is above the age of consent and, indeed, consents.

[2]  Context matters, and given the purpose of the "crime of violence" enhancement for unlawful possession of a firearm, we must reject the district court's primary focus on the risk of pregnancy and sexually transmitted infections associated with sexual intercourse as the potential physical injury.  See Begay, 128 S. Ct. at 1587.

[3]  We reiterate that we do not address whether the charged crime is a crime of violence under the modified categorical approach given the parties' agreement that it is unavailable in this case.

of which the defendant was convicted . . . by its nature, presented a serious potential risk of serious injury to another." According to the government, the phrase "expressly charged" allows sentencing courts to consider the conduct stated in the charging documents when applying the residual clause of § 4B1.2(a)(2). The government is simply advocating for the use of a narrow subset of the modified categorical approach, which it concedes does not apply in this case. Aplee. Br. at 8. The government contends that the information obtained through a "categorical plus" approach yields the ages of the Defendant and the minor and the indecent liberties being sexual intercourse, Aplee. Br. at 11,[4] and that this information may properly affect the determination of whether the offense is a "crime of violence."

We decline to go down this path in this case. We note it yields very little for the government as its argument is hinged to the age differential and sexual intercourse, yet the indecent liberties statute contains no such element, nor was it charged in that manner. Although the Sentencing Guidelines commentary allow for a look at the conduct "expressly charged," we doubt that provides license to look at the underlying facts of the case. This simply is not a situation, one of a "narrow range of cases," Taylor, 495 U.S. at 602, where reference to the charged offense will allow us to determine whether the elements as found by a jury

---

[4] The count of conviction does not contain the age of the Defendant–the only possible reference to Defendant's age appears in the caption of the case, which contains Defendant's date of birth along with his social security number.

encompass a serious risk of physical injury to another.

On remand, the district court should vacate the sentence and resentence absent the enhancement.

REMANDED.