IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-50140

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARIO ROBLEDO-LEYVA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-cr-00263

Before SMITH and SOUTHWICK, Circuit Judges and RODRIGUEZ[1], District
Judge.

PER CURIAM:[**]

Defendant-Appellant Mario Robledo-Leyva appeals his sentence, arguing
that the district court erroneously concluded that his prior Florida conviction for
battery on a law enforcement officer was a "crime of violence" under U.S.S.G.
§2.L1.2(b)(1)(A)(ii). We affirm.

---

[1] District Judge of the Western District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## I. Factual & Procedural Background

Robledo pled guilty to illegal reentry after removal, in violation of 8 U.S.C. § 1326. At sentencing, the district court concluded that Robledo's prior Florida conviction for battery on a law enforcement officer[1] constituted a "crime of violence" under U.S.S.G. §2L1.2(b)(1)(A)(ii). The district court overruled Robledo's objection to the "crime of violence" enhancement. This resulted in a sixteen-level enhancement to the base offense level of 8. After a 3-level reduction for acceptance of responsibility, this resulted in a total offense level of 21, which when combined with Robledo's criminal history category of VI, produced a Guidelines range of 77 to 96 months. The district court sentenced Robledo to 84 months' imprisonment. Robledo filed a timely notice of appeal.

## II. Analysis

The district court's interpretation of the Guidelines is reviewed de novo. United States v. Dominguez, 479 F.3d 345, 347 (5th Cir.), cert. denied, __ U.S. __, 128 S. Ct. 61, 169 L.Ed.2d 51 (2007) . Under section 2L1.2(b)(1)(A)(ii) of the guidelines, a sixteen-level increase applies if a defendant illegally reenters the United States after having been convicted of a felony that is a "crime of violence." At the time of Robledo's sentencing, "crime of violence" was defined in the Commentary as "any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."[2]

---

[1] Fla. Stat. Ann. § 784.07.

[2] Application Note 1(B)(iii) (2007).

The prior conviction used to enhance Robledo's base offense level was a 1991 conviction for violating Fla. Stat. Ann. § 784.07 (committing battery of law enforcement officer). The Government concedes that § 784.07 is not an enumerated offense. Accordingly, the issue is whether Fla. Stat. Ann. § 784.07 "has as an element the use, attempted use, or threatened use of physical force against the person of another."

Section 784.07 provides for enhanced penalties for committing a battery on a law enforcement officer. The substantive crime of battery under Florida law is governed by section 784.03(1)(a). This section states: "The offense of battery occurs when a person: 1. Actually and intentionally touches or strikes another person against the will of the other; or 2. Intentionally causes bodily harm to another person."

In deciding whether a prior statute of conviction qualifies as a crime of violence, this court has alternatively employed (1) a "common sense approach," defining the offense according to its "ordinary, contemporary, [and] common meaning," or (2) a "categorical approach." See e.g., United States v. Mungia-Portillo, 484 F.3d 813, 816 (5th Cir.), cert. denied, __ U.S. __,128 S. Ct. 320, 169 L.Ed.2d 226 (2007). In United States v. Mungia-Portillo, we stated "that the methodology employed depends upon whether the prior offense constitutes a crime of violence (1) because it is an enumerated offense or (2) because it has as an element the use or attempted use of force. If it is the former, then the common sense approach is used; if it is the latter, then the categorical approach is used." Id. at 816 (citations omitted).

As noted, the offense of battery on a police officer is not an enumerated offense, and thus the categorical approach applies. Under the categorical approach, the court "looks to the elements of the crime, not to the defendant's actual conduct in committing it." United States v. Calderon-Pena, 383 F.3d 254, 257 (5th Cir. 2004) (en banc) (emphasis in original). If an offense statute

contains disjunctive elements, a sentencing court may look to the offense conduct described in the charging instrument for the limited purpose of determining which of the elements were satisfied in the defendant's conviction.[3] Id. at 258; Perez-Munoz v. Keisler, 507 F.3d 357, 361 (5th Cir. 2007) (noting that "it is permissible to use a charging instrument to pare down a statute to determine if a violation of part of a statute constitutes a crime of violence when the statute as a whole categorically does not"); United States v. Carbajal-Diaz, 508 F.3d 804, 807 (5th Cir. 2007) ("Despite the general rule that a prior crime is defined categorically by the statute of conviction, we have nevertheless permitted some narrowing of the crime's definition based on specific facts contained in the charging papers."), cert. denied, __ U.S. __, 128 S. Ct. 1731, 170 L.Ed.2d 533 (2008). This approach has been termed the "modified categorical approach." Larin-Ulloa v. Gonzales, 462 F.3d 456, 464 (5th Cir. 2006).

Robledo argues that Fla. Stat. Ann. § 784.03(1)(a) is not a crime of violence because it does not have an element of force. The Florida offense of battery on a police officer contains multiple disjunctive subsections and elements, and provides for the commission of the offense in three different ways: (1) actually and intentionally touching another person against his will; (2) actually and

---

[3] The court may look to a number of "conclusive records made or used in adjudicating guilt," including the charging instrument, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. Shepard v. United States, 544 U.S. 13 (2005); United States v. Garza-Lopez, 410 F.3d 268, 274 (5th Cir. 2005).

Some decisions from this Court have stated that courts may look beyond the statute to "pare down" the offense if the statute contains "multiple, disjunctive subsections." See, e.g., United States v. Hernandez-Rodriguez, 467 F.3d 492, 494 (5th Cir. 2006); United States v. Bonilla-Mungia, 422 F.3d 316, 320 (5th Cir. 2005). However, the modified categorical approach applies not only to statutes with multiple, disjunctive subsections, but also to statutes with multiple disjunctive elements. See Calderon-Pena, 383 F.3d at 265 (Jones, J., dissenting) ("The majority does concede, helpfully, that if a statue has disjunctive elements or multiple subsections, rather than apply 'any set of facts' to prevent all enhancements, the indictment's allegations and jury charge may be used to 'pare down' the statute to the precise subsection that was violated."). The offense statute at issue here contains multiple disjunctive subsections and multiple disjunctive elements.

intentionally striking another person against his will; or (3) intentionally causing bodily harm to another person. Because the offense can be committed without the use or threatened use of physical force, e.g., by touching, we may apply the modified categorical approach and look to the offense conduct described in the charging instrument to determine which of the elements were satisfied. Perez-Munoz, 507 F.3d at 362.

The charging instrument read, in part, as follows: "Albert Herrera[4] on the 17th day of February, 1991, did unlawfully and knowingly commit a battery upon William Peircedorf [sic], an Alta Monte Springs police officer ... by actually and intentionally touching or striking William Peirsedorph against his will by striking William Peirsdorph with an automobile...." (Emphasis added). Although the first part of the instrument uses the broader language of the statute, including both touching and striking, it then narrows the charge and makes clear that Robledo was charged with only the act of striking the officer. Striking involves the use of force. Thus, the offense as pared down under the modified categorical approach qualifies as a crime of violence.

## III. Conclusion

For the foregoing reasons, the district court's judgment and sentence are AFFIRMED.

---

[4] The Court assumes Robledo used an alias. Robledo does not challenge the existence or the validity of his Florida conviction.