FILED
United States Court of Appeals
Tenth Circuit

June 16, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

ALEX JOE HERNANDEZ,

        Defendant-Appellant.

No. 08-6190

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. NO. CR-08-48-F-1)**

---

William P. Earley, Assistant Federal Public Defender, Office of the Federal
Public Defender, Oklahoma City, Oklahoma, for Appellant.

Edward J. Kumiega, Assistant United States Attorney, Office of the United States
Attorney, Oklahoma City, Oklahoma, for Appellee.

---

Before **MURPHY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

**TYMKOVICH**, Circuit Judge.

---

      Alex Joe Hernandez appeals the district court's conclusion that his deadly

conduct conviction under Texas law constitutes a prior violent felony under the

Armed Career Criminal Act (ACCA).  We agree that Hernandez's conviction

under Texas Penal Code § 22.05(b)(1) for firing a gun at or in the direction of

another person constitutes a violent felony because it involves the use, attempted use or threatened use of physical force against another person.  We therefore AFFIRM.

## I.  Background

Hernandez pleaded guilty to violating 18 U.S.C. § 922(g)(1), and the government sought an enhanced penalty under the ACCA.  *See* 18 U.S.C. § 924(e)(1) ("In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony . . . committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . .").  The government put forward four predicate felony convictions to satisfy the ACCA requirements: (1) attempted robbery with a dangerous weapon under Oklahoma law; (2) burglary in the second degree under Oklahoma law; (3) deadly conduct in the third degree under Texas law (Case No. 96-052); and (4) deadly conduct in the third degree under Texas law (Case No. 96-053).

Hernandez did not challenge the Oklahoma crimes, but objected to the classification of his Texas deadly conduct convictions as violent felonies.  The district court concluded Hernandez's Texas deadly conduct conviction in case number 96-052 constituted a violent felony for ACCA purposes.  Therefore, that conviction, coupled with his Oklahoma convictions, satisfied the ACCA's prior violent felony requirement.

## II. Discussion

Hernandez contends the district court erred because neither one of his Texas deadly conduct convictions constitute violent felonies. We disagree, and conclude that Hernandez's conviction under Texas Penal Code § 22.05(b)(1) constitutes a violent felony. And because the ACCA only requires three prior violent felonies, the court did not err in applying the enhancement.[1]

### A.

We review de novo the legal question of whether prior convictions qualify as violent felonies under the ACCA. *United States v. Rowland*, 357 F.3d 1193, 1195 (10th Cir. 2004).

The ACCA defines "violent felony" as:

[A]ny crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the *use, attempted use, or threatened use of physical force against the person of another*; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of potential physical injury to another.

18 U.S.C. § 924(e)(2)(B).

To determine whether a prior conviction qualifies as a violent felony under the ACCA, "we apply a 'categorical approach,' generally looking 'only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction.'"

---

[1] We need not address the second deadly conduct conviction in case number 96-052, under Texas Penal Code § 22.05(b)(2), since three convictions suffice under the ACCA.

*United States v. Scoville*, 561 F.3d 1174, 1176 (10th Cir. 2009) (citing *United States v. West*, 550 F.3d 952, 957 (10th Cir. 2008)). "That is, we consider whether the elements of the offense are of the type that would justify its inclusion within the ACCA, without inquiring into the specific conduct of this particular offender." *Id.* (citing *West*, 550 F.3d at 957) (internal quotation marks omitted).

If, however, "a criminal statute proscribes conduct broader than that which would satisfy the ACCA's definition of a violent felony or serious drug offense, a federal court may then also look at the charging documents and documents of conviction to determine whether the defendant in a particular case was convicted of an offense that falls within the ACCA." *Id.* (citing *West,* 550 F.3d at 957–58). This is the "so-called 'modified categorical' approach." *Id.* (citing *United States v. Zuniga-Soto*, 527 F.3d 1110, 1119–20 (10th Cir. 2008)).

**B.**

With this background, we turn to the specific convictions at issue before the district court. Texas law defines the crime of deadly conduct, in pertinent part, as:

> (a) A person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury.
> (b) A person commits an offense if he knowingly discharges a firearm at or in the direction of:
>> (1) one or more individuals; or
>> (2) a habitation, building, or vehicle and is reckless as to whether the habitation, building, vehicle is occupied.
> (c) Recklessness and danger are presumed if the actor knowingly pointed a firearm at or in the direction of another whether or not the actor believed the firearm to be loaded.

-4-

. . .
(e) An offense under Subsection (a) is a Class A misdemeanor. An offense under Subsection (b) is a felony of the third degree.

Tex. Penal Code Ann. § 22.05.

Hernandez has two prior convictions in violation of this statute. He argues the statute is too broad to categorically constitute a violent felony because some conduct would not implicate the ACCA's "physical force" requirement. But even assuming this interpretation is a correct understanding of the statute, we can employ the modified categorical approach to determine whether Hernandez was convicted of an offense that falls within the ACCA. *See Scoville*, 561 F.3d at 1176, 1178. Under the modified categorical approach, we look to the charging documents and documents of conviction to discover under which portion of the statute Hernandez was convicted. *See id.*; *see also Zuniga-Soto*, 527 F.3d at 1117, 1121–22.

Looking at the charging documents, they disclose that Hernandez was indicted and convicted of violating Texas Penal Code § 22.05(b)(1). In particular, the indictment alleges that Hernandez "knowingly discharge[d] a firearm at and in the direction of an individual, to wit: Michael Newberry." R., Vol. 1, Doc. 31, Ex. 2. Therefore, we must decide whether this conduct in violation of Texas Penal Code § 22.05(b)(1) constitutes a violent felony for ACCA purposes.

We conclude that it does. Indeed, this conduct "has as an element the use, attempted use, or threatened use of physical force against the person of another."

*See* 18 U.S.C. § 924(e)(2)(B)(i).  Although the ACCA does not define "physical force," Black's Law Dictionary defines "force" as "[p]ower, violence, or pressure directed against a person or thing," and "physical force" as "[f]orce consisting in a physical act."  Black's Law Dictionary (8th Ed. 2004).[2]  Section 924(e)(2)(B)(i), moreover, includes not only the actual or attempted use of physical force against the person of another, but also the *threatened* use of such force.  *See United States v. Herron*, 432 F.3d 1127, 1137 (10th Cir. 2005).

Given that Hernandez was convicted of knowingly discharging a firearm at or in the direction of one or more individuals, this conduct plainly involves the statutory requirement of the "use, attempted use or threatened use of physical force against the person of another."  Discharging a firearm at or in the direction of an individual necessarily involves at least the threatened use of power, violence, or pressure directed against that person.  We therefore have no trouble in concluding that knowingly discharging a firearm at or in the direction of an

---

[2]  *See also United States v. Hays*, 526 F.3d 674, 677–79 (10th Cir. 2008) (interpreting 18 U.S.C. § 921(a)(33)(A), we found that physical force means more than mere physical contact and that under Wyoming law, the offense of unlawfully touching another in a rude, insolent, or angry manner does not contain an element of the use or attempted use of physical force); *United States v. Gonzales*, 558 F.3d 1193, 1200 (10th Cir. 2009) (applying *Hays* in the § 924(e)(2)(B)(i) context); *see also United States v. Herron*, 432 F.3d 1127, 1138 (10th Cir. 2005) (concluding defendant's convictions for having "knowingly place[d] or attempt[ed] to place another person in fear of imminent serious bodily injury . . . by the use of a deadly weapon" constituted violent felonies under § 924(e)(2)(B)(i) because this "conduct easily satisfies the requirement of 'the threatened use of physical force against the person of another'").

individual constitutes a real *threat* of the use of physical force against that individual and satisfies § 924(e)(2)(B)(i). *See Herron*, 432 F.3d at 1138.

The Fifth Circuit addressed a closely related question in *United States v. Hernandez-Rodriguez*, 467 F.3d 492, 495 (5th Cir. 2006), and reached the same conclusion. In that case, the court concluded that Texas Penal Code § 22.05(b)(1) constituted a crime of violence under the United States Sentencing Guidelines (USSG) § 2L1.2(b)(1), which contains identical language to § 924(e)(2)(B)(i).[3] *Id.*; *see also United States v. Neal*, 310 F. App'x 663, 664 (same). The *Hernandez-Rodriguez* court found that knowingly shooting *in the direction* of an individual, as well as *at* an individual, constitutes the use of force against the person of another. 467 F.3d at 495. "Whereas the knowing pointing of a firearm at another when done in obvious jest would not necessarily constitute threatened use of a deadly weapon, . . . it is unreasonable to conclude that the purposeful discharge of that weapon in the direction of a person would not import[ ] [a] communicated intent to inflict physical or other harm." *Id*. (citing *United States v. White*, 258 F.3d 374, 383–84 (5th Cir. 2001) (internal quotation marks omitted)).

According to the court, this "element of a conscious choice to discharge a firearm in the direction of an individual would constitute a real threat of force

_____

[3] Because of the similarity in language between the ACCA and the USSG, we have occasionally looked to precedent under one provision for guidance under another in determining whether a conviction qualifies as a violent felony. *See, e.g.*, *West*, 550 F.3d at 960 n.5 (discussing § 924(e)(2)(B) and USSG § 4B1.2(a)).

against his person." *Id.* Because the statute requires proof of "knowing" conduct as an element of the offense, the court concluded no possibility of conviction existed on the basis of reckless or negligent behavior. *Id.* at 495 n.2.

Hernandez contends our decision in *United States v. Dennis*, 551 F.3d 986 (10th Cir. 2008), requires a different result. But *Dennis* did not concern the ACCA's "use of force" prong, which is at issue here. Instead, in that case we construed USSG § 4B1.2's residual clause, which provides that a conviction is a crime of violence if it otherwise involves conduct that presents a serious risk of potential physical injury to another. *Id.* at 989–90 (citing USSG § 4B1.2(a)).

We found in *Dennis* that the statute at issue—a prohibition against taking immodest, immoral or indecent liberties with a minor—was too broad to categorically constitute a crime of violence because it reached a wide array of conduct, much of which failed to present a serious potential risk of physical injury to another. *Id.* (noting the statute had been challenged repeatedly based on its breadth). Interpreting the residual clause, the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious risk of injury to another. *Id.* We concluded that "[i]t is hard to argue that the indecent liberties statute, which requires a jury assessment based on the totality of the circumstances and common sense as to whether it has been violated, . . . *necessarily* involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 990 (emphasis in original). Here, conversely,

any argument that a violation of § 22.05(b)(1) does not, at the least, necessarily involve the threatened use of physical force against another person lacks merit.

Additionally, Hernandez argues that *Dennis* requires us to consider only the elements of the statute and prevents us from looking to any *mens rea* component. *See Dennis,* 551 F.3d at 990 ("[T]he focus must be on the elements."). But an *element* of the Texas offense is that the action was "knowingly" undertaken. Thus, to violate § 22.05(b)(1), the discharge of a firearm at or in the direction of an individual must necessarily be undertaken with awareness. *See United States v. Williams*, 559 F.3d 1143, 1148 (10th Cir. 2009) ("The battery statute here required Williams to knowingly, willfully, and unlawfully use 'force or violence' against a police officer. . . . Such *intentional* conduct is necessarily purposeful, violent, and aggressive (emphasis in original)).

Finally, Hernandez contends that although the statute requires the *knowing discharge* of a firearm at or in the direction of an individual, it does not also require an intent to injure or kill that individual. To be a violent felony, however, the statute only needs to involve the use, threatened use, or attempted use of physical force against another. For example, in *Herron*, we concluded that the Colorado menacing statute constituted a violent felony under the ACCA's "use of force" prong. 432 F.3d at 1137–38. That statute required knowingly placing or attempting to place another person in fear of imminent serious bodily injury, and it provided that menacing is a class 3 misdemeanor, but, if committed by the use

of a deadly weapon, it is a class 5 felony. *Id.* at 1137. We found that knowingly placing someone in fear by the use of a deadly weapon constitutes threatening someone, and "easily" satisfies the requirement of the threatened use of physical force against the person of another. *Id.* at 1138.

Following Hernandez's logic, however, we should not have deemed that conviction a violent felony unless the statute contained some requirement of an intent to injure or kill, rather than simply the intent to undertake the proscribed action—to place a person in fear. That statute, though, had no such element. Even if we were to assume that it is possible to knowingly place someone in fear by the use of a deadly weapon without actually intending to injure that person, and that it is possible that one could knowingly discharge a firearm at or in the direction of an individual without actually intending to injure him, both statutes still involve the purposeful *threatened* use of physical force against the person of another. Both constitute violent felonies. As the Fifth Circuit explained in *Hernandez-Rodriguez*, the element of a conscious choice to discharge a firearm at or in the direction of an individual would constitute a real threat of force against that person. 467 F.3d at 495.

In short, Hernandez's purposeful conduct—discharging a firearm at or in the direction of an individual—fully qualifies as the use, attempted use, or threatened use of physical force against another.

### III. Conclusion

Accordingly, we AFFIRM the district court's application of the ACCA enhancement.