IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-50380
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ERIC JAMES DIXON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-48-ALL

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

The district court granted Eric James Dixon's request to represent himself at his criminal trial on charges of possession of a firearm by a felon and appointed stand-by counsel to assist Dixon. After a jury convicted Dixon, the district court sentenced him to an 87-month term of imprisonment. Dixon is represented by appointed counsel on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dixon argues that the trial court's comments on his pro se performance prejudiced the jury against him and caused his trial to be fundamentally unfair. We conclude that Dixon preserved this argument for appellate review by objecting to the court's comments during a sidebar conference. Dixon also argues that the trial court plainly erred at sentencing when it determined that his prior Texas conviction for attempted deadly conduct was a crime of violence under U.S.S.G. § 2K2.1(a)(4)(A).

We review a defendant's complaints about a trial judge's conduct to determine "not . . . whether the [] conduct left something to be desired or even whether some comments would have been better left unsaid . . . [but to] determine whether the judge's behavior was so prejudicial that it denied [the defendant] a fair, as opposed to a perfect, trial." United States v. Williams, 809 F.2d 1072, 1086 (5th Cir. 1987) (quoting United States v. Pisani, 773 F.2d 397, 402 (2d Cir. 1985)). A federal judge may "comment on the evidence, . . . question witnesses, . . . and may maintain the pace of the trial by interrupting or cutting off counsel as a matter of discretion." Id.

All of the judicial comments that Dixon challenges on appeal were directed to Dixon's persistent attempts to argue to the jury issues that had been resolved against him in pretrial motions. Dixon ignored the court's repeated explanation that Dixon could raise the issues for appeal, but that he could not present them for the jury to consider at trial. Dixon does not suggest that he is entitled to appellate relief based on any of the defense theories that he attempted to raise at trial.

The district court instructed the jury to base its verdict solely on the evidence and not to construe the court's comments as indicating any opinion as to Dixon's guilt or innocence. See United States v. Johnson, 127 F.3d 380, 388 (5th Cir. 1997); Williams, 809 F.2d at 1088. When viewed as a whole, the trial court's efforts to exclude a legally irrelevant defense theory were not an abuse

of discretion and did not cause the trial to be constitutionally unfair. See United States v. Bermea, 30 F.3d 1539, 1569 (5th Cir. 1994); Williams, 809 F.2d at 1086.

Because Dixon did not argue at sentencing that his prior conviction for attempted deadly conduct is not a crime of violence under § 2K2.1(a)(4)(A), the issue is reviewed for plain error. See United States v. Gonzales, 484 F.3d 712, 714 (5th Cir.), cert. denied, 127 S. Ct. 3031 (2007). Dixon must show that there is a clear or obvious error that affects his substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993).

The Sentencing Guidelines provide that the base offense level for unlawful possession of a firearm by a prohibited person is 14. U.S.S.G. § 2K2.1(a)(6). If the offense "involved a firearm," as did Dixon's offense, the base offense level is increased to 18. § 2K2.1(a)(5). The base level is increased to 20 if the defendant has a prior conviction for a crime of violence. § 2K2.1(a)(4)(A). In relevant part, a "crime of violence" is an offense or attempted offense punishable under federal or state law by a term of imprisonment exceeding one year that either "(1) has as an element the use attempted use, or threatened use of physical force against the person of another, or (2) . . . involves conduct that presents a serious potential risk of physical injury to another." § 2K2.1, comment. (n.1); U.S.S.G.§ 4B1.2(a)(1), (2) and comment. (n.1). To be considered a crime of violence under § 4B1.2(a)(2), the conduct presenting a serious potential risk of physical injury to another must be expressly charged in the count of conviction. § 4B2.1, comment. (n.1).

A person commits the Texas offense of deadly conduct if he: "(a) . . . recklessly engages in conduct that places another in imminent danger of serious bodily injury [or] (b) . . . knowingly discharges a firearm at or in the direction of . . . (1) one or more individuals; or (2) a habitation, building, or vehicle and is reckless as to whether the habitation, building, or vehicle is occupied." TEX. PENAL CODE § 22.05. In the conviction at issue, Dixon was indicted for

aggravated assault, but he pleaded guilty to attempted deadly conduct pursuant to a plea bargain.

We disagree with the Government's contention that United States v. Dominguez, 479 F.3d 345, 348 (5th Cir.), cert. denied, 128 S. Ct. 61 (2007), and United States v. Hernandez-Rodriguez, 467 F.3d 492 (5th Cir. 2006), cert. denied, 127 S. Ct. 1350 (2007) compel the conclusion that the Texas offense of deadly conduct is a crime of violence. Dominguez is not relevant to the issue in this case and Hernandez-Rodriguez dealt with a conviction under § 22.05(b)(1), which prohibits the knowing discharge of a firearm at or in the direction of one or more individuals. See Hernandez-Rodriguez, 467 F.3d at 494; § 22.05(b)(1). Hernandez-Rodriguez does not hold that a generic conviction under § 22.05 is a crime of violence. Hernandez-Rodriguez, 467 F.3d at 494.

We employ the categorical approach established in Taylor v. United States, 495 U.S. 575, 602 (1990) to determine whether a prior offense is a crime of violence because it has as an element the use, attempted use or threatened use of force or because it inherently presents a serious potential risk of physical injury. Hernandez-Rodriguez, 467 F.3d at 494; United States v. Rodriguez-Jaimes, 481 F.3d 283, 286 (5th Cir. 2007). If a statute contains multiple, disjunctive subsections, we may consider other conclusive records made or used in adjudicating guilt in order to determine which statutory subsection applies to the defendant's conviction. Hernandez-Rodriguez, 467 F.3d at 494. It is not possible from the documents available in this case to identify the specific subsection of § 22.05 that Dixon was convicted of violating.

We conclude that a generic conviction for violating § 22.05 is not a crime of violence under § 4B1.2(a)(1) because that guideline requires "the use, attempted use, or threatened use of physical force against the person of another," while § 22.05 (b)(2) prohibits the knowing discharge "of a firearm at or in the direction of a habitation, building, or vehicle, with reckless disregard as to whether the habitation, building, or vehicle is occupied." § 22.05(b)(2);

§ 4B1.2(a)(1); see United States v. Alfaro, 408 F.3d 204, 206-09 (5th Cir. 2005); see also Rodriguez-Jaimes, 481 F.3d at 286.

Absent the crime of violence enhancement, Dixon's base offense level would have been 18 and the applicable sentencing guidelines range would have been 57-to-71 months, § 2K2.1(a)(6); U.S.S.G., Sentencing Table, a range that does not include the 87-month sentence Dixon received. Because the PSR does not reveal any other prior convictions that would qualify as a crime of violence, Dixon has shown clear or obvious error that affects his substantial rights. Olano, 507 U.S. at 731-37.

Accordingly, we AFFIRM Dixon's conviction, VACATE his sentence, and REMAND the case for resentencing.