# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11258

United States Court of Appeals
Fifth Circuit

**FILED**
November 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

KIANDRICK ONICK,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-25-1

Before DENNIS, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:*

    Kiandrick Onick pleaded guilty to being a felon in possession of a firearm and was sentenced to thirty-two months of imprisonment. The district court, using the 2015 version of the Sentencing Guidelines, calculated an advisory Guidelines range of thirty-seven to forty-six months of imprisonment after applying an enhancement under U.S.S.G. § 2K2.1(a)(4)(A). Section 2K2.1(a)(4)(A) provides for an enhancement if the defendant sustained a prior

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11258

"felony conviction of either a crime of violence or a controlled substance offense." The district court determined that Onick's prior Texas conviction for delivery of a simulated controlled substance under section 482.002(a)(1) of the Texas Health & Safety Code (THSC) constituted a "controlled substance offense."

Onick appeals his sentence, challenging the district court's application of the enhancement. He argues, for the first time on appeal, that his conviction under THSC section 482.002(a)(1) was not a "controlled substance offense" within the meaning of the Guidelines because the Texas statute can be violated by merely making an offer to sell a controlled substance. Because Onick did not challenge the district court's enhancement on those grounds below, we review his challenge for plain error. *See Puckett v. United States*, 556 U.S. 129, 133–34 (2009). To succeed on plain-error review, an appellant must show (1) a forfeited error (2) that is clear or obvious and (3) that affects his substantial rights. *See id.* at 135. If he makes that showing, we may exercise our discretion "to remedy the error . . . if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (cleaned up). The Government concedes that Onick's argument is correct and that deeming THSC section 482.002(a)(1) a controlled substance offense is plainly erroneous. However, the Government contends that the error did not affect Onick's substantial rights.

"In the context of sentencing, an error affects an appellant's substantial rights when there is a reasonable probability that, but for the error, he would have received a lesser sentence." *United States v. Kirkland*, 851 F.3d 499, 503 (5th Cir. 2017) (cleaned up). The application of the enhancement under § 2K2.1(a)(4)(A) resulted in an increase in Onick's Guidelines range from between eighteen and twenty-four months of imprisonment to between thirty-seven and forty-six months of imprisonment. The Supreme Court has held that

No. 16-11258

"[i]n most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016). The Government argues, however, that Onick failed to show an effect on his substantial rights. It contends that the same Guidelines range would be supported by another one of Onick's prior convictions, his Texas conviction for deadly conduct by discharging a firearm under section 22.05 of the Texas Penal Code (TPC), which, according to the Government, constitutes a crime of violence under § 2K2.1.

Section 2K2.1 does not have its own freestanding definition of a crime of violence; instead, it incorporates that term's definition at U.S.S.G. § 4B1.2(a). *See* § 2K2.1 cmt. n.1 ¶ 3. Section 4B1.2(a), in the 2015 version of the Guidelines, defines a crime of violence to include an offense that "involves use of explosives." The Government asserts that Onick's conviction of deadly conduct by discharging a firearm necessarily "involves use of explosives," as it maintains that, for purposes of the Guidelines, the gunpowder contained in firearm ammunition is an "explosive" and discharging the firearm is "use" of that explosive.

In *United States v. Dixon*, 265 F. App'x 383, 385 (5th Cir. 2008), we held that TPC section 22.05(b)(2) does not constitute a crime of violence under § 4B1.2. After the parties filed their briefs, this court issued its opinion in *United States v. Perlaza-Ortiz*, 869 F.3d 375 (5th Cir. 2017). In *Perlaza-Ortiz*, the district court applied a crime-of-violence enhancement under U.S.S.G. § 2L1.2 (2015) based on the defendant's prior conviction under TPC section 22.05(b). 869 F.3d at 376. On appeal, we determined that section 22.05(b) was not divisible. *Id.* at 380. Thus, expressly relying upon our prior holding in *Dixon* that a conviction under TPC section 22.05(b)(2) does not constitute a

3

crime of violence, we concluded that the district court erred in applying the crime-of-violence enhancement. *See Perlaza-Ortiz*, 869 F.3d at 377 n.2.

The Government contends that *Perlaza-Ortiz* has no impact on its argument in this appeal because that case involved a crime-of-violence enhancement under a different Guidelines provision, § 2L1.2, which has a different definition of crime of violence. But the Government overlooks that *Perlaza-Ortiz* adopted and expressly followed our prior holding in *Dixon* that TPC "[s]ection 22.05(b)(2) cannot support a crime-of-violence enhancement." *Perlaza-Ortiz*, 869 F.3d at 377 n.2 (citing *Dixon*, 265 F. App'x at 385). And, as previously noted, in *Dixon*, we held that TPC section 22.05(b)(2) does not constitute a crime of violence under § 4B1.2, the same provision that supplies the applicable definition in the instant case. 265 F. App'x at 385. We therefore reject the Government's contention that a crime-of-violence enhancement would have supported the Guidelines range applied by the district court in Onick's case. Accordingly, the erroneous enhancement affected Onick's substantial rights.

We will exercise our discretion to correct a plain, forfeited error affecting substantial rights only where "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736 (1993) (cleaned up). In evaluating this aspect of plain-error review, we consider the particular facts and degree of error in the instant case and compare those factors to other cases that have turned on the fourth prong. *United States v. Martinez-Rodriguez*, 821 F.3d 659, 664 (5th Cir. 2016).

As previously discussed, in the absence of the erroneous enhancement, Onick's Guidelines range would have been reduced from between thirty-seven and forty-six months of imprisonment to between eighteen and twenty-four months of imprisonment. We have found smaller disparities to warrant the exercise of our discretion to correct plain errors. *See, e.g.*, *United States v.*

*Guillen-Cruz*, 853 F.3d 768, 775 (5th Cir. 2017) (error resulted in sentencing range increase from between ten and sixteen months to between eighteen and twenty-four months); *United States v. Mudekunye*, 646 F.3d 281, 289–91 (5th Cir. 2011) (error resulted in sentencing range increase from between sixty-three and seventy-eight months to between seventy-eight and ninety-seven months).  We therefore exercise our discretion to correct the error.  Accordingly, we VACATE the district court's sentence and REMAND for resentencing.