# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 1, 2020

Lyle W. Cayce
Clerk

No. 20-10165
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KIANDRICK ONICK,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-25-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Kiandrick Onick pleaded guilty to possession of a firearm by a felon, and he was sentenced below the advisory guideline range to 32 months of imprisonment and three years of supervised release. After a remand for resentencing, *United States v. Onick*, 702 F. App'x 231, 233 (5th Cir. 2017),

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10165

the district court resentenced Onick to time served, with a three-year term of supervised release. Onick began serving his term of supervised release on February 28, 2018.

On March 26, 2019, the probation officer filed a petition charging that Onick had violated the mandatory conditions of his supervised release that he not commit another federal, state, or local crime, and that he not possess an illegal controlled substance. The report also alleged that Onick submitted four urine specimens that tested positive for marijuana, which violated his mandatory conditions of release, and that he violated the condition that he participate in a drug treatment and testing program by failing to report to submit urine specimens seven times.

Based on these alleged violations, Onick was subject to mandatory revocation under 18 U.S.C. § 3583(g), which requires revocation and a term of imprisonment for defendants found to have committed certain gun or drug violations. Onick objected that the mandatory revocation feature of § 3583(g) was unconstitutional under *United States v. Haymond*, 139 S. Ct. 2369 (2019). The district court rejected his argument and sentenced Onick to 11 months of imprisonment, with no additional term of supervised release.

Because Onick preserved his challenge, our review is de novo. *United States v. Garner*, 969 F.3d 550, 551 (5th Cir. 2020). In *Haymond*, the Supreme Court held that a different mandatory revocation provision, § 3583(k), violates the Fifth and Sixth Amendments. 139 S. Ct. at 2373. Onick argues that the Court's reasoning in *Haymond* invalidating § 3583(k) applies with equal force to § 3583(g). However, we rejected Onick's exact argument in *Garner*, concluding that § 3583(g) "lacks the three features which led the Court to hold § 3583(k) unconstitutional." *Id.* at 551. Specifically, we stated that (1) Subsection (g) applied more generally to violations of common supervised released conditions, while Subsection (k) applied only when a

defendant committed a discrete set of criminal offenses; (2) Subsection (g), unlike Subsection (k), did not dictate the length of the sentence imposed for the violation; and (3) Subsection (g), unlike Subsection (k), did not prescribe a sentence that was based on the violation, but instead granted the judge discretion to impose any sentence authorized under the general revocation statute. *Id.* at 553. Based on the differences between § 3583(k) and § 3583(g), we held that § 3583(g) "is not unconstitutional under *Haymond*." *Id.*

AFFIRMED.