FILED
United States Court of Appeals
Tenth Circuit

June 15, 2018

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

TRAYON L. WILLIAMS,

     Defendant - Appellant.

No. 17-3071
(D.C. No. 6:15-CR-10181-EFM-1)
(D. Kan.)

_____

**ORDER**
_____

Before **BRISCOE**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

This matter is before the court on the appellant's *Petition for Panel Rehearing and Rehearing En Banc.* Upon consideration, the request for panel rehearing is granted in limited part by the original panel members, and only to the extent of the minor amendments made in the attached revised decision. Panel rehearing is otherwise denied. The clerk is directed to file the revised opinion effective the date of this order.

The *Petition* was also circulated to all the active judges of the court. *See* Fed. R. App. P. 35(a). As no judge on the original panel or the en banc court requested that a poll be called, the request for en banc reconsideration is likewise denied.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

TRAYON L. WILLIAMS,

     Defendant - Appellant.

No. 17-3071

_____

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 6:15-CR-10181-EFM-1)**
_____

Daniel T. Hansmeier, Appellate Chief (Melody Brannon, Federal Public Defender, Kirk C. Redmond, First Assistant Federal Public Defender, with him on the briefs), Kansas Federal Public Defender Office, Topeka, Kansas, for Defendant-Appellant.

Jared Maag, Assistant United States Attorney (Thomas E. Beall, United States Attorney, James A. Brown, Assistant United States Attorney, on the brief), Topeka, Kansas, for Plaintiff-Appellee.

_____

Before **BRISCOE**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

**BACHARACH**, Circuit Judge.
_____

Mr. Trayon Williams was convicted of possessing a firearm after a felony conviction. *See* 18 U.S.C. § 922(g). The conviction led the district

court to consider the sentence, beginning (as required) with the sentencing guidelines. *See Peugh v. United States*, 569 U.S. 530, 541 (2013). To apply the guidelines, the district court classified Mr. Williams's prior conviction for aggravated battery under Kansas law as a crime of violence. This classification triggered enhancement of the offense level. U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A).

Mr. Williams challenges the enhancement on the ground that his prior conviction was not for a crime of violence. Mr. Williams is mistaken. In Kansas, aggravated battery is a crime of violence because the crime involves general criminal intent, requiring the knowing use of force. Thus, we affirm.

## I.    Mr. Williams's sentence level was enhanced under § 2K2.1.

Following a guilty plea, a probation officer prepared a presentence investigation report for Mr. Williams. The probation officer did not treat aggravated battery as a crime of violence under § 2K2.1 of the sentencing guidelines. As a result, the probation officer calculated the guideline range at 27 to 33 months' imprisonment.

The government objected, arguing that the Kansas crime of aggravated battery constituted a crime of violence. The district court

sustained the objection and set the guideline range at 46 to 57 months.[1] Mr. Williams appeals the enhancement under § 2K2.1.

**II.    We must determine whether aggravated battery in Kansas constitutes a crime of violence.**

Section 2K2.1 requires enhancement of the offense level when the defendant has a prior conviction for a "crime of violence." The definition of "crime of violence" appears in § 4B1.2. U.S. Sentencing Guidelines Manual § 2K2.1, cmt. n.1. There a "crime of violence" is defined as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B1.2(a)(1). Focusing on this definition, Mr. Williams argues that his conviction does not constitute a crime of violence.

To address this argument, we engage in de novo review. *See United States v. Wray*, 776 F.3d 1182, 1184 (10th Cir. 2015). This review requires us to compare the statutory elements to the guidelines' definition of a "crime of violence." *See Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243, 2248 (2016). We must "look *at* (and not beyond) the statute of conviction in order to identify the elements of the offense." *United States v. Zuniga-Soto*, 527 F.3d 1110, 1120 (10th Cir. 2008) (emphasis in original).

---

[1]    After calculating the guideline range, the district court departed downward to 40 months' imprisonment.

Mr. Williams was convicted of "knowingly causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement, or death can be inflicted." Kan. Stat. Ann. § 21-5413(b)(1)(B).[2] The resulting issue is whether this crime constitutes a crime of violence.[3] *Id*. The district court answered "yes."

Mr. Williams argues that

- aggravated battery in Kansas cannot constitute a crime of violence because the crime can be committed recklessly and unintentionally and

- causing bodily harm does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S. Sentencing Guidelines Manual § 4B1.2(a)(1).

Both arguments fail.

## III. The mens rea for aggravated battery in Kansas suffices for a crime of violence.

Mr. Williams argues that the mens rea requirement for aggravated battery does not suffice for a crime of violence. For this argument, Mr.

---

[2]    The parties have agreed that the Kansas statute on aggravated battery is divisible and that Mr. Williams was convicted under Kan. Stat. Ann. § 21-5413(b)(1)(B).

[3]    The Kansas Supreme Court has held that the use of a deadly weapon constitutes a means of committing aggravated battery rather than an element. *State v. Ultreras*, 295 P.3d 1020, 1036 (Kan. 2013). This holding requires us to treat aggravated battery in Kansas as a single crime even though the crime can be committed through different means. *See Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243, 2256 (2016).

4

Williams asserts that his statute of conviction encompasses conduct that is reckless and unintentional. We reject Mr. Williams's argument.

### A. "Knowing" conduct can constitute a "crime of violence" under § 2K2.1.

Under our prior opinions, statutes permitting convictions for reckless conduct do not qualify as crimes of violence under the guidelines. *United States v. Zuniga-Soto*, 527 F.3d 1110, 1123 (10th Cir. 2008); *United States v. Duran*, 696 F.3d 1089, 1093 (10th Cir. 2014).[4] To qualify, the crime must require intent or purpose. *United States v. Armijo*, 651 F.3d 1226, 1237 (10th Cir. 2011); *see Duran*, 696 F.3d at 1093 ("The sentencing enhancement for a prior felony crime of violence may therefore only apply to [the defendant] if the mens rea for his conviction required intentional conduct, not recklessness.").

Aggravated battery in Kansas requires "knowing" conduct. *See* p. 4, above. But we have not yet addressed whether a mens rea of "knowing" can

---

[4] The government argues that these opinions have been superseded by *Voisine v. United States*, ___ U.S. ___, 136 S. Ct. 2272 (2016). *Voisine* held that a misdemeanor crime of domestic violence can be committed recklessly. 136 S. Ct. at 2280. According to the government, *Voisine* applies to the "crime of violence" designation under the sentencing guidelines. As discussed below, however, Kansas's aggravated-battery statute requires "knowing" conduct, which is sufficient under the guidelines. Thus, we need not decide whether reckless conduct would also suffice under the guidelines. *See Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1088 (10th Cir. 2006) (stating that we can affirm on any ground supported by the record).

5

qualify for a crime of violence under the guidelines. We now hold that "knowing" conduct is sufficient for a crime of violence under § 2K2.1.

We have concluded that offenses with a mens rea of "knowing" can constitute violent felonies under the Armed Career Criminal Act (ACCA). *See, e.g.*, *United States v. Hernandez*, 568 F.3d 827, 829-30 (10th Cir. 2009) (conviction for "knowingly discharg[ing] a firearm at or in the direction of . . . one or more individuals" qualified as a violent felony under the ACCA); *United States v. Herron*, 432 F.3d 1127, 1137-38 (10th Cir. 2005) (conviction for "knowingly plac[ing] or attempt[ing] to place another person in fear of imminent serious bodily injury" qualified as a violent felony under the ACCA). The ACCA's definition of "violent felony" is virtually identical to the guidelines' definition of a "crime of violence." *Compare* 18 U.S.C. § 924(e)(1), *with* U.S. Sentencing Guidelines Manual § 4B1.2(a). Thus, we have drawn on our ACCA case law when interpreting the guideline term "crime of violence." *See United States v. Martinez*, 602 F.3d 1166, 1173 (10th Cir. 2010) ("[W]e have looked to interpretations of the ACCA to guide our reading of § 4B1.2(a)."); *see also United States v. Armijo*, 651 F.3d 1226, 1231 (10th Cir. 2011) (stating that "this court has concluded analysis under the ACCA applies equally to § 4B1.2(a)").

Our ACCA case law supports a similar approach under § 2K2.1. For an aggravated battery in Kansas, the State must prove "that the accused

6

acted when he or she was aware that his or her conduct was reasonably certain to cause the result." *State v. Hobbs*, 340 P.3d 1179, 1184 (Kan. 2015). This requirement separates "knowing" conduct from conduct that is accidental, negligent, or reckless. *See* Kan. Stat. Ann. § 21-5202(b) (separately classifying "knowingly" and "recklessly"); *see also United States v. Ruacho*, 746 F.3d 850, 856 (8th Cir. 2014) (explaining that a crime committed "knowingly" is different from a crime committed "recklessly"). As a result, we conclude that a mens rea requirement of "knowing" is sufficient for characterization as a crime of violence under § 2K2.1.

**B.    We reject Mr. Williams's contrary arguments.**

Mr. Williams makes two arguments for why a mens rea of "knowing" is not sufficient:

1.    Kansas's definition of "knowing" equates to recklessness.

2.    Conduct can be "knowing" without intent.

Both arguments fail.

**1.    Mr. Williams forfeited his argument that Kansas's standard of "knowing" equates to recklessness.**

First, Mr. Williams argues that Kansas's definition of "knowing" conduct is indistinguishable from recklessness. We ordinarily define "knowing" conduct as conduct undertaken with an awareness that a particular result "is practically certain." *United States v. Manatau*, 647

7

F.3d 1048, 1050 (10th Cir. 2011). But Kansas uses a different phrase, requiring "reasonable certainty" rather than "practical certainty." Kan. Stat. Ann. § 21-5202(i); *see* pp. 6-7, above. Mr. Williams argues that Kansas's requirement of reasonable certainty is indistinguishable from recklessness. But this argument was forfeited.

Our local rules require that "[f]or each issue raised on appeal, all briefs must cite the precise reference in the record where the issue was raised and ruled on." 10th Cir. R. 28.2(C)(2). Mr. Williams omitted a record citation for where this issue had been raised or decided in district court, and we have elsewhere declined to consider issues based on similar omissions. *United States v. LaHue*, 261 F.3d 993, 1009, 1014 (10th Cir. 2001); *United States v. McClatchey*, 217 F.3d 823, 835-36 (10th Cir. 2000); *United States v. Janus Indus.*, 48 F.3d 1548, 1558-59 (10th Cir. 1995). And at oral argument, Mr. Williams conceded that he had not raised this issue in district court.

But after oral argument, Mr. Williams filed a supplemental letter, stating that he *had* presented the argument in district court. There Mr. Williams cited his response to the government's objection to the presentence report. But Mr. Williams's response had not included an argument that Kansas's definition of "knowing" conduct was equivalent to recklessness. By failing to raise the issue in district court, Mr. Williams

8

forfeited his present argument. *See United States v. Gould*, 672 F.3d 930, 938 (10th Cir. 2012).

Mr. Williams argues that we should consider the argument anyway because the government did not rely on the forfeiture. *See United States v. Reider*, 103 F.3d 99, 103 n.1 (10th Cir. 1996) (considering a forfeited appeal point because the government failed to argue on appeal that the appeal point had been forfeited). We disagree.

The government's omission leaves us with "dueling 'waivers/forfeitures.'" *United States v. Rodebaugh*, 798 F.3d 1281, 1314 (10th Cir. 2015). Mr. Williams forfeited his argument by failing to raise it in district court, and the government waived its challenge to Mr. Williams's forfeiture by failing to raise the challenge on appeal. *Id*. Thus, we must exercise discretion in deciding whose forfeiture or waiver to overlook. *Id*.

In deciding how to exercise this discretion, we can (1) weigh the harms from each party's failure to adequately present its argument and (2) consider the adequacy of input from the parties. *See id*. at 1314-17 (comparing the relative consequences of each party's failure to present its argument); *Abernathy v. Wandes*, 713 F.3d 538, 552 (10th Cir. 2013) (discussing the adequacy of input from the parties).

The weighing process leads us to conclude that Mr. Williams's failure created the greater harm. Because the issue was not raised in

9

district court, neither party briefed the issue there. On appeal Mr. Williams asserts that Kansas's standard of "knowing" equates to recklessness, but he has not identified a single opinion supporting his assertion. Thus, we lack the citation of any supporting opinion on this issue.

We also lack any pertinent case citations from the government, which declined to address the issue, focusing instead on the sufficiency of recklessness for a "crime of violence." Thus, we lack meaningful input from the parties *or* "a reasoned district court decision on the subject." *See Abernathy*, 713 F.3d at 552 (expressing a reluctance "to definitively opine" on an issue when the appellant forfeited an appeal point and the appellee waived the forfeiture because the appellee's scant attention to the issue left us without "the benefit of vigorous adversarial testing of the issue").

We have sometimes considered forfeited arguments that present "a strictly legal question the proper resolution of which is beyond doubt." *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992). Mr. Williams's argument, equating Kansas's standard of "knowing" to recklessness, presents a purely legal question. But proper resolution of the issue is not beyond doubt.

We have not addressed this issue in a published opinion, and no other federal court of appeals has expressly addressed this issue. But in an unpublished opinion, we confronted an analogous issue in *Marin-Gonzales v. Sessions*, No. 17-9503, 2018 WL 327437 (10th Cir. Jan. 9, 2018)

10

(unpublished). There we addressed an attempt statute criminalizing conduct undertaken with an awareness that the prohibited result was reasonably certain. *Marin-Gonzales*, 2018 WL 327437, at \*3. Even though only reasonable certainty was required, we determined that the statute did not criminalize reckless behavior. *Id*. Instead, we concluded that the statutory language mirrored the state's definition of "knowing," which required reasonable certainty. *Id*.; *see* Utah Code Ann. § 76-2-103(2) (defining "knowingly"). This conclusion casts doubt on Mr. Williams's argument that "reasonable certainty" equates to recklessness.

\* \* \*

Weighing the relative harms and considering the lack of input from the government and the uncertainty in the resolution, we decline to reach the merits of Mr. Williams's forfeited argument.

2. **"Knowing" conduct involves general criminal intent, which suffices for a "crime of violence."**

The resulting issue is whether a mens rea of "knowing" is sufficient for a "crime of violence" under the guidelines. The guidelines' reference to a "crime of violence" requires "purposeful or intentional behavior." *United States v. Armijo*, 651 F.3d 1226, 1236 (10th Cir. 2011). In light of this requirement, Mr. Williams contends that Kansas's mens rea of "knowing" is insufficient because it does not require intent. We reject this contention.

11

In Kansas, a crime committed "knowingly" is considered a crime of "general criminal intent." Kan. Stat. Ann. § 21-5202(i). Crimes requiring "general criminal intent" can constitute "violent felonies" under the ACCA. *United States v. Ramon Silva*, 608 F.3d 663, 673 (10th Cir. 2010); *see also United States v. Hernandez*, 568 F.3d 827, 831-32 (10th Cir. 2009) (characterizing a crime committed knowingly as a violent felony because the crime required an intent to undertake the prohibited action). Because "general criminal intent" suffices for a "violent felony" under the ACCA, we conclude that "general criminal intent" also suffices for a "crime of violence" under the guidelines. *See* p. 6, above (discussing the significance of ACCA case law in interpreting the guideline term "crime of violence").

\* \* \*

The Kansas crime of aggravated battery entails general criminal intent, requiring "knowing" conduct. This requirement is sufficient for a crime of violence under § 2K2.1

## IV. Aggravated battery in Kansas includes physical force as an element of the offense.

To constitute a crime of violence, the prior statute of conviction must have "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S. Sentencing Guidelines Manual § 4B1.2(a)(1); *see* p. 3, above. Mr. Williams argues that Kansas's crime of aggravated battery does not require physical force because the crime is

12

triggered whenever "bodily harm" is caused. Kan. Stat. Ann. § 21-5413(b)(1)(B). Mr. Williams's argument fails because "the knowing or intentional causation of bodily injury necessarily involves the use of physical force." *United States v. Castleman*, ___ U.S. ___, 134 S. Ct. 1405, 1414 (2014).

We addressed a similar issue in *United States v. Treto-Martinez*, 421 F.3d 1156 (10th Cir. 2005). There we concluded that a prior version of Kansas's crime of aggravated battery required the use or threatened use of physical force and qualified as a crime of violence under the guidelines.[5] *Treto-Martinez*, 421 F.3d at 1159-60. For this conclusion, we relied on the need to intentionally cause physical contact with another person in a way that could cause great bodily harm, disfigurement, or death. This element, in our view, involved the use or threatened use of physical force. *Id*. at 1160. Our rationale in *Treto-Martinez* applies equally to Kansas's current statute on aggravated battery, which criminalizes the causation of "bodily harm." *Compare* Kan. Stat. Ann. § 21-5413(b)(1)(B), *with* Kan. Stat. Ann. § 21-3414(a)(1)(C) (repealed 2010).

---

[5] The section of the prior Kansas statute, addressed in *Treto-Martinez*, had defined aggravated battery as "intentionally causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted." Kan. Stat. Ann. § 21-3414(a)(1)(C) (repealed 2010).

13

Mr. Williams contends that *Treto-Martinez* is no longer good law. For this contention, he argues that Kansas's current statute asks only whether an injury was caused and not whether force was used. Mr. Williams points to *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005), where we concluded that the use of force and the causation of injury are not equivalent elements. 414 F.3d at 1285.

But after issuance of the opinion in *Perez-Vargas*, the Supreme Court decided *United States v. Castleman*, holding that a misdemeanor conviction for intentionally or knowingly causing bodily injury to a child's mother constituted a misdemeanor crime of domestic violence. 134 S. Ct. 1405, 1414 (2014). The Supreme Court explained that "the knowing or intentional causation of bodily injury necessarily involves the use of physical force." *Id.*

We applied *Castleman* in *United States v. Ontiveros*, 875 F.3d 533 (10th Cir. 2017). There the defendant argued that physical force was not an element of his crime because the statute of conviction had focused on the result of the conduct rather than on the conduct itself. We rejected this argument, explaining that *Castleman* had "specifically rejected the contention that 'one can cause bodily injury without the use of physical force.'" *Ontiveros*, 875 F.3d at 536 (quoting *Castleman*, 134 S. Ct. at 1414). We added that "*Perez-Vargas's* logic on this point is no longer good law in light of *Castleman*." *Id.*; *see also United States v. Kendall*, 876 F.3d

14

1264, 1271 (10th Cir. 2017) (recognizing that *Perez-Vargas* "has been abrogated by the Supreme Court").

Mr. Williams concedes that "the panel decision in *Ontiveros* effectively shutters most of [his] second argument." Appellant's Reply Br. at 3 n.1. But Mr. Williams attempts to distinguish *Ontiveros*, arguing that

- *Ontiveros* concerned only intentional conduct and

- the Kansas aggravated-battery statute can be violated unintentionally.

We have already addressed this argument: Kansas's crime of aggravated battery requires a mens rea of "knowing" and general criminal intent, which suffice for a crime of violence under the guidelines. Thus, *Ontiveros* is directly applicable.[6]

\* \* \*

The Kansas statute on aggravated battery criminalizes the knowing causation of bodily harm. This element involves the use or threatened use of physical force. *See United States v. Castleman*, ___ U.S. ___, 134 S. Ct. 1405, 1414 (2014). As a result, aggravated battery in Kansas constitutes a crime of violence under § 2K2.1.

---

[6] Mr. Williams also argues that his conviction is categorically not a crime of violence because the Kansas crime of aggravated battery does not require physical force. This argument fails for the same reasons. The statute requires a finding that the defendant caused bodily harm. Kan. Stat. Ann. § 21-5413(b)(1)(B). And intentionally causing bodily harm necessarily involves the use of physical force. *United States v. Castleman*, ___ U.S. ___, 134 S. Ct. 1405, 1414 (2014).

15

## V.     Conclusion

We conclude that Mr. Williams's prior crime of aggravated battery constitutes a crime of violence under § 2K2.1. Aggravated battery requires knowing conduct, which entails general criminal intent and suffices for a crime of violence. In addition, the Kansas statute criminalizes the causation of bodily harm, which requires the use or threatened use of physical force. As a result, the district court properly enhanced Mr. Williams's offense level. We affirm.