**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GERREN K. LOVE,

    Defendant - Appellant.

No. 17-3236
(D.C. No. 2:15-CR-20098-JAR-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **O'BRIEN** and **MATHESON**, Circuit Judges.[**]
_____

    Gerren Love pled guilty to being a felon in possession of a firearm in violation of

18 U.S.C. § 922(g)(1). The district court enhanced his sentence to 96 months in prison

under § 2K2.1(a)(2) of the United States Sentencing Guidelines ("U.S.S.G." or

"Guidelines") because it determined he had two prior convictions for "crimes of

violence." Mr. Love appeals this sentence, arguing his prior conviction for aggravated

battery is not a crime of violence under the elements clause of U.S.S.G. § 4B1.2(a),

_____

    [*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

which provides the relevant definition. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

## I. **BACKGROUND**

The procedural history leading to Mr. Love's sentence started with the Probation Office's pre-sentence investigation report ("PSR"). The PSR initially determined Mr. Love was subject to sentence enhancement under the Armed Career Criminal Act ("ACCA"), which imposes a mandatory minimum sentence of 15 years if the defendant has three prior offenses that are "violent felonies" or "serious drug offenses." *See* 18 U.S.C. § 924(e)(1). The PSR concluded Mr. Love had five qualifying offenses:

1. Attempted murder in the first degree committed as a juvenile

2. Aggravated battery

3. Aggravated assault

4. Intentional second-degree murder

5. Possession with intent to distribute methamphetamine

Mr. Love objected to the PSR's determination that he was eligible for an ACCA sentencing enhancement, arguing that none of the five offenses qualified under 18 U.S.C. § 924(e). He also objected to using these offenses to enhance his sentence under Guideline § 2K2.1, which increases the sentencing base offense level when the defendant has prior convictions for "crimes of violence." The Government conceded Mr. Love's juvenile and aggravated assault convictions did not qualify as violent felonies under the ACCA or § 2K2.1. It argued Mr. Love was still eligible for an ACCA-enhanced sentence

2

based on the other three convictions or that Mr. Love's base offense level should be 24 under § 2K2.1.

The district court found Mr. Love was not eligible for an ACCA-enhanced sentence because he had only two qualifying ACCA convictions—the second-degree murder and aggravated battery convictions. It also determined these two convictions were crimes of violence under §§ 2K2.1 and 4B1.2(a). A revised PSR, incorporating this holding, calculated Mr. Love's base offense level as 24. With adjustments for acceptance of responsibility, the total offense level was 21. The criminal history category was IV, resulting in a Guidelines sentencing range of 57-to-71 months in prison. The court found Mr. Love's criminal history to "more closely resemble[]" a criminal history category of VI. ROA, Vol. 2 at 41. It sentenced him to 96 months in prison, "which represent[ed] the high end of the guideline range based on a total offense level [of] 21 and a criminal history category [of] VI." *Id.* Mr. Love timely appealed the sentence.

## II. **DISCUSSION**

Mr. Love initially argued in his opening brief that his convictions for second-degree murder and aggravated battery were not crimes of violence under U.S.S.G. §§ 2K2.1 and 4B1.2(a). He now concedes in his reply brief that his conviction for second-degree murder is a crime of violence under the enumerated offenses clause of § 4B1.2(a), and appeals only the sentence enhancement based on the aggravated battery conviction.

3

After discussing the applicable law and our standard of review, we address Mr. Love's aggravated battery conviction and conclude the district court correctly determined that a conviction under Kan. Stat. Ann. § 21-3414(a) (1994) is a crime of violence.

## A. *Legal Background*

### 1. **Crime of Violence Definition**

Guideline § 2K2.1 imposes a base offense level of 24 if the defendant has two prior "felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). Application Note 1 to § 2K2.1 states that crime of violence "has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." "Crime of violence" is defined in § 4B1.2(a) as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is murder, voluntary manslaughter, . . . [or] aggravated assault . . . .

We refer to the first clause as the "elements clause," and the second clause as the "enumerated clause." Only the elements clause is at issue here.

### 2. **Categorical/Modified Categorical Approach**

We use the "categorical approach" to determine whether a prior conviction is a crime of violence under the Guidelines. *United States v. Taylor*, 843 F.3d 1215, 1220 (10th Cir. 2016). Courts apply the categorical approach by asking "whether the crime's elements satisfy" the definition of a crime of violence. *United States v. Titties*, 852 F.3d

4

1257, 1265 (10th Cir. 2017).[1] "'If the statute sweeps more broadly' than the [§ 4B1.2(a)(1)] definition—that is, if some conduct would garner a conviction but would not satisfy the definition—then any 'conviction under that law cannot count as a[] [§ 4B1.2(a)(1)] predicate.'" *Id.* at 1266 (quoting *Descamps v. United States*, 570 U.S. 254, 261 (2013)) (brackets omitted).

Courts, however, before applying the categorical approach, must sometimes first employ the modified categorical approach "when a prior conviction is based on a so-called divisible statute, one that sets out one or more elements of the offense in the alternative." *Id.* (quotations omitted). To determine whether a statute is divisible, courts must determine whether a disjunctively phrased statute's "listed items are elements or means." *Id.* at 1267 (quotations omitted). "Elements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." *Id.* (quotation omitted). "By contrast, means are various factual ways of committing some component of the offense." *Id.* (quotations omitted).

Once a court has determined that a statute contains divisible elements, it uses the modified categorical approach to "consult record documents from the defendant's prior case for the limited purpose of identifying which of the statute's alternative elements formed the basis of the prior conviction." *Id.* at 1266. "With the elements (not the facts) identified," the court then applies the categorical approach to determine whether a conviction under those elements is a crime of violence. *Id.*

---

[1] We analyzed the ACCA in *Titties*, but we apply the same framework to analyze whether an offense is a crime of violence under § 4B1.2(a)(1). *See United States v. Ontiveros*, 875 F.3d 533, 538 n.4.

3. **Bodily Injury and Use of Force**

This case raises a familiar question: whether statutes that require only the causation of bodily injury, rather than explicitly prohibiting the use of force, can satisfy the elements clause of § 4B1.2(a)(1). We considered this question in *United States v. Ontiveros*, 875 F.3d 533 (10th Cir. 2017), and, applying *United States v. Castleman*, 572 U.S. 157 (2014), we held a statute that requires the result of bodily injury necessarily also requires the use of physical force. 875 F.3d at 538. This is true even when someone can be convicted under the statute for a failure to act, such as for assault through neglect. *Id.*

But to be a crime of violence under § 4B1.2(a)(1), a statute must require the use of "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010); *see also Ontiveros*, 875 F.3d at 538 (applying *Johnson*, an ACCA case, to the elements clause of § 4B1.2(a)). If violating a statute necessarily results in bodily injury, we therefore need only determine whether it requires "violent force" to qualify as a crime of violence under the elements clause. *Ontiveros*, 876 F.3d at 538. If a statute requires the intentional causation of serious bodily harm, it "easily meet[s] th[is] standard." *Id.*

B. *Standard of Review*

We review de novo whether a prior conviction is a "crime of violence" under U.S.S.G. §§ 2K2.1 and 4B1.2(a)(1). *Id.* at 535.

6

## C. *Analysis*

We affirm the district court's conclusion that aggravated battery is a crime of violence under the elements clause of § 4B1.2(a)(1). We therefore affirm Mr. Love's sentence.

When Mr. Love was convicted, Kan. Stat. Ann. § 21-3414(a) read:

> Aggravated battery is:
>
> (1) (A) Intentionally causing great bodily harm to another person or disfigurement of another person; or
>
> (B) intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted . . . .

Kan. Stat. Ann. § 21-3414(a) (1994).

The district court concluded Kan. Stat. Ann. § 21-3414 is a divisible statute and that Mr. Love was convicted of aggravated battery under § 21-3414(a)(1)(A). Mr. Love does not challenge this conclusion, so we analyze whether this type of aggravated battery is a crime of violence using the categorical approach.

We analyzed the same statute, as recodified and amended in 2011, in *United States v. Williams*, 893 F.3d 696 (10th Cir. 2018). The amendments had replaced "intentionally" with "knowingly" in subparts (A) and (B). *See* Kan. Stat. Ann. § 21-5413(b)(1)(A) (2018).

In *Williams* we considered subpart (B), not subpart (A), and held the crime described in subpart (B) was a crime of violence under the elements clause. 893 F.3d at 703-04. Given the substantial similarities between subparts (A) and (B) of § 21-

7

3414(a)(1), *Williams* controls this case. Whether the mens rea is "intentionally" or "knowingly" does not matter. We have held crimes to be crimes of violence whether committed with intent, purpose, or knowledge. *Williams*, 893 F.3d at 700. Following *Williams*, therefore, we hold that aggravated battery under § 21-3414(a)(1)(A) (1994) is a crime of violence.

## III. CONCLUSION

We affirm the judgment of the district court.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge