**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 7, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

————————————————

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

MARCO DEWAYNE PHILLIPS,

　　Defendant - Appellant.

No. 23-5107
(D.C. No. 4:20-CR-00285-JFH-2)
(N.D. Okla.)

————————————————

**ORDER AND JUDGMENT**[*]

————————————————

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.

————————————————

This appeal grew out of an investigation into an international drug-trafficking organization. This investigation led agents to suspect involvement by Mr. Marco Dewayne Phillips, who lived in Tulsa, Oklahoma. This suspicion resulted in an order authorizing a wiretap on Mr. Phillips's cell-phone. Based on this order, investigators obtained

---

[*]　　The parties don't request oral argument, and it wouldn't help us decide the appeal. So we are deciding the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

　　Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

incriminating evidence against Mr. Phillips. He moved for suppression of that evidence, and the district court denied that motion. From that ruling, Mr. Phillips appeals. We affirm.

*Showing of necessity.* Wiretaps can be authorized only when the government shows necessity. This showing can involve

- a past failure to successfully use traditional investigative techniques or

- an apparent futility or danger in trying such techniques.

18 U.S.C. § 2518(1)(c), 2518(3)(c). But once a wiretap is approved, the defendant bears the burden of showing that the district court shouldn't have granted authorization. *United States v. Portillo-Uranga*, 28 F.4th 168, 174 (10th Cir. 2022).

Mr. Phillips challenges the government's explanation of its goals and the shortcomings of traditional investigative techniques. When we review these challenges, we apply the abuse-of-discretion standard. *Id.* In applying that standard, we focus on the arguments and information presented to the district court. *See United States v. Herrera*, 51 F.4th 1226, 1277 (10th Cir. 2022). Based on the arguments and information presented in the motion to suppress, the district court could reasonably conclude that it would be futile or dangerous for the government to continue relying on traditional investigative techniques to penetrate the drug-trafficking

organization. So the district court didn't abuse its discretion when finding necessity for the wiretap.

First, Mr. Phillips argues that the government was too vague when stating the goals for the wiretap. But even broadly stated goals can justify authorization of a wiretap. *See United States v. Foy*, 641 F.3d 455, 464–65 (10th Cir. 2011) ("[T]he law enforcement goal of uncovering the size and scope of the conspiracy may justify the authorization of wiretaps."); *United States v. Ramirez-Encarnacion*, 291 F.3d 1219 (10th Cir. 2002) (upholding a finding of necessity when "the identity of many of the conspirators and the full extent of the conspiracy remained unknown"). So the district court had discretion to credit the government's stated goals despite their breadth.

Second, Mr. Phillips argues that the government could have continued using traditional investigative techniques instead of a wiretap. But this argument doesn't suggest an abuse of discretion.[1]

In seeking authorization of a wiretap, the government presented the district court with sworn statements about the shortcomings of confidential sources, undercover agents, physical surveillance, interviews, geolocation,

---

[1]    Mr. Phillips argues that the district court cannot authorize a wiretap if traditional techniques would yield any value, no matter how insignificant. But we apply the necessity requirement in a "common sense fashion," not as a requirement to continue using techniques with marginal value. *See United States v. Nunez*, 877 F.2d 1470, 1472 (10th Cir. 1989).

tracking devices, pen/trap records, phone toll records, subpoenas, and searches. The government had already used many of these techniques, learning that Mr. Ismael Aguirre-Urquiza was heading a large international drug-trafficking organization. But the government presented sworn statements showing that continued reliance on these techniques would prove futile or dangerous.

*Confidential sources.* For example, investigators had already used confidential sources. But the government's sworn statements explained that

- sophisticated traffickers often do business only with individuals with a lengthy track-record of trustworthiness and

- efforts to penetrate the organization could endanger cooperators.

Mr. Phillips argues that the district court couldn't rely on these boilerplate statements about confidential sources. But Mr. Phillips waived this argument by omitting it in his motion to suppress. *See United States v. Anderson*, 62 F.4th 1260, 1265 (10th Cir. 2023).

*Undercover agents.* Mr. Phillips also argues that the government could have used undercover agents. But the government presented sworn statements explaining that

- there weren't any undercover agents known to have access within the drug-trafficking organization and

- there wasn't a safe way to develop access through existing members in the organization.[2]

*Physical surveillance.* The government had also used physical surveillance, but explained that further use could prove problematic. In response, Mr. Phillips insists that he could have been surveilled at his apartment complex. But the government's sworn statements explained that

- efforts to surveil the complex might have led to detection and

- surveillance would probably not have shed meaningful insight into the purpose of a meeting.

Mr. Phillips argues that the government could have observed the complex without risking detection. Again, Mr. Phillips waived this argument by omitting it in his motion to suppress. *See* p. 4, above. Even if he hadn't waived the argument, however, the district court didn't abuse its discretion by relying on the government's sworn statements about the risk of detection.

Mr. Phillips also argues that the government failed to

- quantify the spot checks and other attempts at physical surveillance or

- say what had been observed.

But Mr. Phillips waived this argument by omitting it in his motion to suppress. *See* p. 4, above. Even if he hadn't waived the argument, however,

---

[2]     Mr. Phillips suggests that these claims are exaggerated, but he didn't make this suggestion in district court. *See United States v. Williams*, 893 F.3d 696, 701 (10th Cir. 2018).

the district court could reasonably find that further surveillance might have compromised the investigation.

*Interviews.* Mr. Phillips also argues that the government could have used interviews instead of a wiretap. But the government did use interviews, drawing extensive information from a confidential source. The government explained that it didn't know of any other sources to interview without compromising the investigation.

Mr. Phillips argues that the government failed to

- identify the confidential informant's status within the drug-trafficking organization or

- say why the informant couldn't penetrate the organization.

Mr. Phillips waived these arguments by omitting them in his motion to suppress. *See* p. 4, above. Even if Mr. Phillips hadn't waived these arguments, however, the district court could reasonably credit the government's concern with the confidential informant's safety if his or her status were disclosed. *See, e.g.*, *United States v. Cartagena*, 593 F.3d 104, 114 (1st Cir. 2010) (upholding the denial of disclosure about an informant's identifying information based on safety concerns).

*Pen/trap and phone-toll records.* The government also used pen/trap and phone-toll records. But the government pointed out that these techniques often fail to yield the true identities of the parties and lack meaningful information about what is said. The district court could

6

reasonably rely on these shortcomings when finding necessity for a wiretap.

*Geolocation.* Mr. Phillips also insists that the government could have used geolocation. But the government had already tried geolocation, explaining that further use would probably fail to yield meaningful information about unknown locations. The district court could reasonably credit that explanation.

*Tracking devices.* Mr. Phillips also argues that the government could use tracking devices. In fact, the government did put a tracking device on a car owned by Mr. Phillips's girlfriend. But the government explained that installation of another tracking device could risk detection without yielding precise data about the location of the car. The district court could reasonably credit that explanation when finding necessity for a wiretap.

In addition, Mr. Phillips criticizes the government for failing to

- provide details about its prior efforts to install a tracking device or

- identify passing citizens who frustrated those attempts.

But he waived these arguments by omitting them in his motion to suppress. *See* p. 4, above.

Finally, Mr. Phillips asserts that physical surveillance could have compensated for the imprecision of a tracking device. But physical

surveillance could have compromised the investigation and shed little light on the purpose of meetings at the apartment complex. *See* pp. 5–6, above.

*Subpoenas and searches.* The government also explained that search warrants, pole cameras, grand-jury subpoenas, or trash searches could compromise the investigation without yielding meaningful information about the drug-trafficking organization. The district court could reasonably credit that explanation in finding necessity for a wiretap.

Mr. Phillips disagrees, arguing that the government didn't specifically discuss the variety of pole cameras under consideration. But he waived that argument by omitting it in his motion to suppress. *See* p. 4, above.

* * *

On appeal, Mr. Phillips challenges the specificity of the government's sworn statements. In district court, however, Mr. Phillips failed to present the district court with virtually any of these challenges. Based on the arguments and information presented in the motion to suppress, the district court had the discretion to find necessity for the wiretap. We thus affirm the denial of the motion to suppress.

Entered for the Court


Robert E. Bacharach
Circuit Judge